# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| ALTAMESE YOUNG, on behalf of herself and all other persons similarly situated, known and unknown,  *Plaintiff,*  v.  INTEGRITY HEALTHCARE COMMUNITIES, LLC and BELLEVILLE BEHAVIORAL HEALTH & NURSING CENTER, LLC d/b/a INTEGRITY HEALTHCARE OF BELLEVILLE,  *Defendants.* | Case No.: |

## NOTICE OF REMOVAL

Defendant Belleville Behavioral Health & Nursing Center, LLC ("Belleville Behavioral Health"), by its attorneys Jody Kahn Mason and Jason A. Selvey of Jackson Lewis P.C., and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action from the Circuit Court for the 20th Judicial Circuit, State of Illinois, County of St. Clair, to the United States District Court for the Southern District of Illinois. In support thereof, Defendant states as follows:

### Procedural History and Plaintiff's Allegations

1. On October 23, 2019, Plaintiff Altamese Young commenced this action by filing a putative Class Action Complaint ("Complaint") against Defendants Integrity Healthcare Communities, LLC ("Integrity Healthcare") and Belleville Behavioral Health (collectively, "Defendants") in the Circuit Court for the 20th Judicial Circuit, State of Illinois, County of St. Clair. The lawsuit is captioned *Altamese Young, on behalf of herself and all other persons similarly*

*situated, known and unknown, v. Integrity Healthcare Communities, LLC and Belleville Behavioral Health & Nursing Center, LLC d/b/a Integrity Healthcare of Belleville*, and numbered 19L742 (the "State Court Action").

2. The Complaint alleges that Defendants violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, by using a timekeeping system that allegedly collected, stored and used the biometric identifiers and biometric information of individuals she claims Defendants employed: (1) "without first informing them in writing that Defendants were doing so;" (2) not "first informing them in writing of the purpose of Defendants doing so and the length of time Defendants would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information;" (3) not "first obtaining their written consent or other release authorizing Defendants to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information;" (4) not "creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information;" and (5) "by disclosing or otherwise disseminating Plaintiff's and the Class's hand geometry scans and information based on their hand geometry scans to Defendants' timekeeping vendor without first obtaining their consent for that disclosure or dissemination." (Exhibit A hereto, Complaint, ¶¶ 44-48, 55, 62).

3. For herself and each member of the putative class, Plaintiff seeks: (1) "liquidated or actual monetary damages, whichever is higher, … for each violation," (2) injunctive relief, (3) reasonable attorneys' fees and costs, and (4) unspecified other relief. (Exhibit A, Compl., prayers for relief for Counts I-III). Nowhere in the Complaint did Plaintiff explain what she meant by "each violation." However, the BIPA provides for liquidated damages ($1,000 per negligent violation or $5,000 per reckless or intentional violation) or actual damages, whichever is higher.

740 ILCS 14/20. Plaintiff alleges in the Complaint that "Defendants' violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent." (Exhibit A, Compl., ¶¶ 50, 57, 64).

4.  Plaintiff proposes certification of the following class: "Defendants' employees who scanned their hands in a biometric time clock system at an Integrity Healthcare facility in Illinois between October 16, 2014 and the present." (Exhibit A, Compl., ¶ 30). Belleville Behavioral Health denies that the appropriate statute of limitations for BIPA claims is five years. In fact, it contends that Plaintiff's claims are subject to either a two-year or one-year statute of limitations, and reserves its right to assert as much. However, Belleville Behavioral Health accepts Plaintiff's representation for purposes of this removal petition. It does so because the longest potentially applicable limitations period for BIPA claims such as those at issue is the catchall five-year period of 735 ILCS 5/13-205, and several courts have held that BIPA claims are subject to a five-year statute of limitations. *See*, *e.g.*, *Robertson v. Hostmark Hosp. Group, Inc.*, No. 18-CH-5194 (Cir. Ct. Cook Cty., July 31, 2019, Cohen, J.); *Chavez v. Temperature Equip. Corp.*, Case No. 19-CH-2538 (Cir. Ct. Cook Cty., Sept. 11, 2019, Jacobius, J.)

5.  On January 6, 2020, as their responsive pleading, Defendants served Plaintiff with Defendant's Demand for Bill of Particulars Pursuant to 735 ILCS 5/2-607. (Exhibit B hereto). In it, Defendants demanded several clarifications to the Complaint, including a "demand that Plaintiff articulate what she alleges constitutes 'each violation' of the Biometric Information Privacy Act." (Exhibit B, p. 3-4).

6.  On February 3, 2020, Plaintiff served her Response to Defendant's Demand for Bill of Particulars Pursuant to 735 ILCS 5/2-607. (Exhibit C hereto, "Bill of Particulars"). On page 4, Plaintiff clarified what she seeks for herself and the members of the putative class, stating:

3

> Plaintiff alleges that she and each member of the Class are entitled to a separate recovery for each of the three Counts in Plaintiff's Complaint. Unless actual damages exceed liquidated damages available under 740 ILCS 14/20(1)-(2), Plaintiff alleges that she and each member of the Class are entitled to a separate recovery of liquidated damages for each of the three Counts in Plaintiff's Complaint. If actual damages exceed liquidated damages available under 740 ILCS 14/20(1)-(2), Plaintiff alleges that she and each member of the Class are entitled to a separate recovery of actual damages for each of the three Counts in Plaintiff's Complaint.

**Timeliness of Removal**

7. Pursuant to 28 U.S.C. § 1446(b)(1), if the grounds for removal are apparent on the face of the initial pleading, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." This removal deadline did not apply in this case because it was not apparent that the amount in controversy was sufficient for removal on the face of the Complaint, as explained *infra*.

8. If the grounds for removal are not apparent on the face of the initial pleading, then "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" subject to exceptions inapplicable here, including for actions commenced more than one year ago. 28 U.S.C. § 1446(b)(3) and (c). For these purposes, "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in

responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A).

9. Here, and as further explained *infra*, the information contained in the Bill of Particulars Plaintiff served on Defendants on February 3, 2020, first made clear that the amount in controversy exceeds $5,000,000 such that this action is removable to federal court pursuant to the provisions of the Class Action Fairness Act ("CAFA").

10. Belleville Behavioral Health files this Notice of Removal on March 4, 2020, which is the thirtieth day after Plaintiff served her Bill of Particulars on Defendants on February 3, 2020. As such, this Notice of Removal is timely.

### Basis for Removal

11. Removal is proper here under the CAFA, 28 U.S.C. §1332(d). Under CAFA, United States District Courts have original jurisdiction over any class action: (i) involving a class of 100 or more members; (ii) where at least one member of the class is a citizen of a state different from any defendant; and (iii) in which the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d). These prerequisites are satisfied here.

12. First, this matter is a covered "class action." Pursuant to CAFA, "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Here, Plaintiff purports to bring her lawsuit on behalf of a class of individuals and she seeks to represent them and their interests in this action, as provided for under the Illinois Code of Civil Procedure provisions for class actions, 735 ILCS 5/2-801 - 807. (*See* Exhibit A, Compl., ¶ 30).

13. Second, this class action involves a proposed class of more than 100 members. In the five years preceding the filing of Plaintiff's Complaint on October 23, 2019, the number of Belleville Behavioral Health employees who used the Belleville Behavioral Health timekeeping system at issue under conditions that Plaintiff claims constitute a violation of the BIPA is approximately 643 in total.[1] (*See* Declaration of Alan Irni, attached hereto as Exhibit D, ¶ 7).

14. Third, there is the requisite minimal diversity here. Plaintiff is a citizen of the State of Illinois, as she pleads in her Complaint. (*See* Exhibit A, ¶ 17). However, approximately 20 putative class members (*i.e.*, past and present Belleville Behavioral Health employees who used the timekeeping system at issue under conditions Plaintiff alleges violate the BIPA during the five years prior to the filing of the Complaint) are citizens of the State of Missouri because they reside in the State of Missouri. (*See* Exhibit D, Declaration of Alan Irni, ¶ 8).

15. Belleville Behavioral Health is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois. (*See* Exhibit D, Declaration of Alan Irni, ¶ 6). Accordingly, Belleville Behavioral Health is a citizen of the State of Illinois.

16. Integrity Healthcare is a limited liability company organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois. (*See* Exhibit D, Declaration of Alan Irni, ¶ 5). Accordingly, Integrity Healthcare is a citizen of the State of Illinois.

17. As such, there is the requisite minimal diversity in this matter. 28 U.S.C. § 1332(d)(2)(A) (sufficient if "any member of a class of plaintiffs is a citizen of a State different from any defendant").

---

[1] Defendants deny that they violated the BIPA, deny that a class could be properly certified and deny that Plaintiff or the putative class are entitled to any relief whatsoever.

18.     Finally, the amount in controversy in this case exceeds $5 million, exclusive of interest and costs. Plaintiff seeks to recover statutory liquidated damages for each negligent, reckless or intentional violation of the BIPA or actual damages, whichever is higher. (Exhibit A, Compl., prayers for relief for Counts I-III). As stated in the Complaint, Plaintiff alleges that Defendants' alleged violations of the BIPA were reckless (for which statutory liquidated damages are $5,000 per violation), or in the alternative, negligent (for which statutory liquidated damages are $1,000 per violation). (Exhibit A, Compl., ¶¶ 50, 57, 64). As Plaintiff made clear in her Bill of Particulars, that means Plaintiff seeks for herself and the putative class a separate recovery for each of the three counts of the Complaint, including in Count III where Plaintiff alleges that Defendants violated the BIPA "by disclosing or otherwise disseminating Plaintiff's and the Class's hand geometry scans and information based on their hand geometry scans to Defendants' timekeeping vendor without first obtaining their consent for that disclosure or dissemination." (Exhibit C, Bill of Particulars, p. 3-4; Exhibit A, Compl., ¶ 62).[2] In other words, Plaintiff seeks at least $15,000 for herself and each of the other putative class members, which was not apparent on the face of her Complaint.[3]

19.     As previously noted, approximately 643 current and former Belleville Behavioral Health employees used the timekeeping system at issue in Illinois under conditions that Plaintiff

---

[2] In removing this case, Belleville Behavioral Health relies on opinions of federal judges finding that plaintiffs asserting third-party disclosure claims under Section 15(d) of the BIPA, 740 ILCS 14/15(d), have pled a concrete injury sufficient to confer standing under Article III of the United States Constitution. *See, e.g., Dixon v. Washington & Jane Smith Cmty.,* No. 17 C 8033, 2018 U.S. Dist. LEXIS 90344, at *32 (N.D. Ill. May 31, 2018).

[3] In referring only to "each violation," Plaintiff's pleading could just as easily have been construed to seek one recovery per person. Based on the putative class size of approximately 643 individuals and a recovery of at most $5,000 per person (which is Defendants' actual position), the amount in controversy would not have totaled more than $5 million.

claims constitute a violation of the BIPA in the five years prior to the filing of this case, which is the longest possible statutory period for this type of claim.

20. If each of them were to recover the maximum amount Plaintiff seeks for each violation, *i.e.*, $15,000, the total award to Plaintiff and the putative class members would necessarily total more than $5 million.[4] As such, the amount in controversy meets the $5 million threshold required to support removal under CAFA.

### Venue and Procedural Steps

21. The United States District Court for the Southern District of Illinois is the appropriate venue for removal of the State Court Action. Under 28 U.S.C. §1441, a civil action brought in any state court in which the district courts of the United States have original jurisdiction are to be removed to the district court for the district and division embracing the place where the state court action is pending. The State Court Action was filed in St. Clair County, Illinois, which is located in this judicial district and division.

22. As required by 28 U.S.C. §1446(a), the Complaint, Summons and any other "process, pleadings, and orders" served to date on Defendants, are attached as Exhibits A (Complaint), B (Demand for Bill of Particulars), C (Bill of Particulars) and E (other filings).

23. As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiff's counsel by email and U.S. Mail, and promptly filed with the Clerk of the 20th Judicial Circuit, State of Illinois, County of St. Clair.

---

[4] That said, Defendants do not agree that each class member is entitled to multiple separate recoveries and reserve their rights to contend otherwise. Indeed, Defendants maintain that, even if Plaintiff were able to establish liability, she and the members of the putative class would be entitled to no more than one recovery of $5,000 or $1,000 in statutory damages each, depending on whether the violation were deemed negligent, reckless or intentional. Belleville Behavioral Health simply accepts Plaintiff's representation for purposes of this removal in the absence of controlling authority from the courts.

24. By filing this Notice of Removal, Belleville Behavioral Health does not waive any defenses to the claims Plaintiff asserts on behalf of herself and the putative class, including that Plaintiff has not pleaded a claim upon which relief can be granted and that class certification is inappropriate.

25. Defendant Integrity Healthcare, while not joining in this removal petition, does consent to removal.

WHEREFORE, Defendant Belleville Behavioral Health & Nursing Center, LLC hereby removes case number 19L742 pending in 20th Judicial Circuit, State of Illinois, County of St. Clair, to the United States District Court for the Southern District of Illinois.

Dated: March 4, 2020                                  Respectfully submitted,

**DEFENDANT BELLEVILLE BEHAVIORAL HEALTH & NURSING CENTER, LLC**

By:   s/ Jason A. Selvey
         One of Its Attorneys

Jody Kahn Mason
Jason A. Selvey
Jackson Lewis P.C.
150 North Michigan Avenue
Suite 2500
Chicago, Illlinois  60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I, Jody Kahn Mason, an attorney, certify that on March 4, 2020, I caused a true and correct copy of the attached *Notice of Removal* to be served on the following counsel of record for Plaintiff by email and regular mail at the following addresses:

Douglas Werman
Zachary Flowerree
Sarah Arendt
Jacqueline Villanueva
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL  60602
dwerman@flsalaw.com
zflowerree@flsalaw.com
sarendt@flsalaw.com
jvillanueva@flsalaw.com


Brandon M. Wise
Paul A. Lesko
Peiffer Wolf Carr & Kane, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO  63104
bwise@pwcklegal.com
plesko@pwcklegal.com


s/ Jason A. Selvey