# **<u>Exhibit A</u>**

Electronically Filed
Kahalah A. Clay
Circuit Clerk
JANICE MENDIOLA
19L0742
St. Clair County
10/23/2019 10:53 AM
7070188

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL DISTRICT**
**ST. CLAIR COUNTY, ILLINOIS**

| | | |
|---|---|---|
| ALTAMESE YOUNG, | ) | |
| on behalf of herself and all other | ) | |
| persons similarly situated, | ) | Case No. 19L742 |
| known and unknown, | ) | |
| | ) | Judge |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTEGRITY HEALTHCARE | ) | |
| COMMUNITIES, LLC and BELLEVILLE | ) | |
| BEHAVIORAL HEALTH & NURSING | ) | |
| CENTER, LLC d/b/a INTEGRITY | ) | |
| HEALTHCARE OF BELLEVILLE | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Altamese Young ("Plaintiff"), files this Class Action Complaint ("Complaint") against Integrity Healthcare Communities, LLC ("Integrity Healthcare") and Belleville Behavioral Health & Nursing Center, LLC d/b/a Integrity Healthcare of Belleville ("Belleville Health") (collectively "Defendants") for violations of the Illinois Biometric Information Privacy Act.

### SUMMARY OF CLAIMS

1. Integrity Healthcare is a management company for "Integrity Healthcare" long term care facilities across central and southern Illinois, including Integrity Healthcare of Alton, Integrity Healthcare of Anna, Integrity Healthcare of Belleville, Integrity Healthcare of Carbondale, Integrity Healthcare of Cobden, Integrity Healthcare of Columbia, Integrity Healthcare of Godfrey, Integrity Healthcare of Herrin, Integrity Healthcare of Marion, Integrity Healthcare of Smithton, and Integrity Healthcare of Wood River.

2. Belleville Health operates Integrity Healthcare of Belleville in Belleville, Illinois.

1

3.      Plaintiff was employed by Belleville Health as a PRN from approximately April 2019 through September 2019.

4.      Throughout her employment, Plaintiff used a biometric time clock system to record her time worked.

5.      Plaintiff and other workers scanned their hands in Defendants' biometric time clock each time they started and finished working, including punching in and out for lunch breaks.

6.      Integrity Healthcare implemented biometric time clocks at the Integrity Healthcare facilities in Illinois, including the facility operated by Defendant.

7.      Unlike an employee identification number or employee identification card, hand geometry is a *unique* and *permanent* identifier.

8.      By requiring employees to scan their hands to record their time, instead of identification numbers or badges only, Defendants ensured that one employee could not clock in for another.

9.      Thus, there's no question that Defendants benefited from using a biometric time clock.

10.     But there's equally no question that Defendants placed employees at risk by using their biometric identifiers to "punch the clock."

11.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that biologically unique identifiers, like hand scans, can never be changed when compromised, and thus subject a victim of identity theft to heightened risk of loss.

12.     As a result, Illinois restricted private entities, like Defendants, from collecting, storing, using, or transferring a person's biometric identifiers and information without adhering to strict informed-consent procedures established by the Biometric Information Privacy Act.

2

13.     Defendants collected, stored, used, and transferred the unique biometric hand geometry scan identifiers, or information derived from those identifiers, of Plaintiff and others similarly situated without following the detailed requirements of the Biometric Information Privacy Act.

14.     As a result, Defendants violated the Biometric Information Privacy Act and compromised the privacy and security of the biometric identifiers and information of Plaintiff and other similarly-situated employees.

**JURISDICTION AND VENUE**

15.     This Court has personal jurisdiction over Defendants because, during the relevant time period, Defendants did business in Illinois, were registered to do business in Illinois, and committed the statutory violations alleged in this Complaint in Illinois.

16.     St. Clair County is an appropriate venue for this litigation because Belleville Health is located in St. Clair County, Defendants do business there, and the events giving rise to this lawsuit happened there.

**THE PARTIES**

17.     Plaintiff is an individual who is a citizen of Illinois.

18.     Integrity Healthcare is an Illinois limited liability company

19.     Belleville Health is an Illinois limited liability company.

**REQUIREMENTS OF THE BIOMETRIC INFORMATION PRIVACY ACT**

20.     In enacting the Biometric Information Privacy Act, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information." 740 ILCS 14/5(f)-(g).

21.     The Biometric Information Privacy Act prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment-related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

22.     Relatedly, the Biometric Information Privacy Act prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)-(2).

23.     In addition, the Biometric Information Privacy Act prohibits a private entity from possessing biometric identifiers or information unless it first creates a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information. 740 ILCS 14/15(a).

24.     Finally, the Biometric Information Privacy Act prohibits a private entity from disclosing or otherwise disseminating biometric identifiers or information without first obtaining an individual's consent for that disclosure or dissemination, unless the disclosure or dissemination was (a) in furtherance of an authorized financial transaction, (b) authorized by law, or (c) pursuant to a valid warrant or subpoena. 740 ILCS 14/15(d).

**BACKGROUND FACTS**

25.     When Plaintiff scanned her hand in Defendants' biometric time clock, Defendants captured and stored Plaintiff's hand geometry scan, or a representation derived from Plaintiff's

4

hand geometry scan.

26.     When Plaintiff scanned her hand in Defendants' biometric time clock, Defendants'
disseminated and disclosed her hand geometry scan – or a representation derived from her hand
geometry scan – to Defendants' time-keeping vendor.

27.     Defendants never provided Plaintiff any written materials stating that they were
collecting, retaining, or disseminating her hand geometry scan or a representation derived from
her hand geometry scan.

28.     Defendants never obtained Plaintiff's written consent, or release as a condition of
employment, authorizing the collection, storage, dissemination, or use of her hand geometry scan
or a representation derived from Plaintiff's hand geometry scan.

29.     Defendants violated Plaintiff's privacy by capturing or collecting her unique
biometric identifiers and information and sharing those identifiers and information with its time-
keeping vendor, without her consent.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff seeks to represent a class of Defendants' employees who scanned their
hands in a biometric time clock system at an Integrity Healthcare facility in Illinois between
October 16, 2014 and the present ("the Class").

31.     Plaintiff and the Class are similar to one another because they were all subject to
the same allegedly illegal practices: scanning their hands in Defendants' biometric time clock
system despite Defendants failing to adhere to the requirements of the Biometric Information
Privacy Act.

32.     The Class includes more than 75 members.

33.     As a result, the Class is so numerous that joining of all class members in one lawsuit

is not practical.

34.     The issues involved in this lawsuit present common questions of law and fact, including: whether the Class scanned their hands to clock in and out during shifts; whether Defendants collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendants complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act.

35.     These common questions of law and fact predominate over variations that may exist between members of the Class, if any.

36.     Plaintiff, the members of the Class, and Defendants have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

37.     If individual actions were required to be brought by each member of the Class injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendants.

38.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

39.     Defendants' books and records are material to Plaintiff's case as they disclose how and when Plaintiff and the Class scanned their hands in Defendants' biometric time clock system and what information Defendants provided Plaintiff and the Class about the collection, retention, use, and dissemination of their biometric identifiers and information.

40.     Plaintiff and her counsel will fairly and adequately protect the interests of the Class.

41.     Plaintiff retained counsel experienced in complex class action litigation.

**COUNT I**
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(b))**
**(Class Action)**

42.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

43.     Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

44.     Plaintiff's and the Class's hand geometry scans qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

45.     Defendants have "biometric information" from Plaintiff and the Class through its acquisition and retention of information based on Plaintiff's and the Class's hand geometry scans.

46.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's hand geometry scans and information based on their hand geometry scans without first informing them in writing that Defendants were doing so.

47.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's hand geometry scans and information based on their hand geometry scans without first informing them in writing of the purpose of Defendants doing so and the length of time Defendants would store and use Plaintiff's and the Class's biometric identifiers and/or biometric information.

48.     Defendants violated the Biometric Information Privacy Act by capturing or collecting Plaintiff's and the Class's hand geometry scans and information based on their hand geometry scans without first obtaining their written consent or other release authorizing Defendants to capture or collect Plaintiff's and the Class's biometric identifiers and/or biometric information.

7

49.     Unlike other Illinois companies, Defendants failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendants committed the legal violations alleged in this Complaint.

50.     As a result, Defendants' violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## COUNT II
### Violation of the Biometric Information Privacy Act (740 ILCS 14/15(a))
### (Class Action)

51.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

52.     Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

53.     Plaintiff's and the Class's hand geometry scans qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

54.     Defendants have "biometric information" from Plaintiff and the Class through its acquisition and retention of information based on Plaintiff's and the Class's hand geometry scans.

55.     Defendants violated the Biometric Information Privacy Act by possessing

Plaintiff's and the Class's hand geometry scans and information based on their hand geometry scans without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information.

56.     Unlike other Illinois companies, Defendants failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendants committed the legal violations alleged in this Complaint.

57.     As a result, Defendants' violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).

## COUNT III
**Violation of the Biometric Information Privacy Act (740 ILCS 14/15(d))**
**(Class Action)**

58.     Plaintiff realleges and incorporates the previous allegations of this Complaint.

59.     Defendants are each a "private entity" under the Biometric Information Privacy Act. 740 ILCS 14/10.

60.     Plaintiff's and the Class's hand geometry scans qualify as "biometric identifier[s]" as defined by the Biometric Information Privacy Act. 740 ILCS 14/10.

61.     Defendants have "biometric information" from Plaintiff and the Class through its acquisition and retention of information based on Plaintiff's and the Class's hand geometry scans.

62.     Defendants violated the Biometric Information Privacy Act by disclosing or otherwise disseminating Plaintiff's and the Class's hand geometry scans and information based on their hand geometry scans to Defendants' timekeeping vendor without first obtaining their consent for that disclosure or dissemination.

63.     Unlike other Illinois companies, Defendants failed to take notice and follow the requirements of the Biometric Information Privacy Act even though the law was enacted in 2008 and numerous articles and court filings about the law's requirements were published before Defendants committed the legal violations alleged in this Complaint.

64.     As a result, Defendants' violations of the Biometric Information Privacy Act were reckless or, in the alternative, negligent.

WHEREFORE, Plaintiff and the Class pray for a judgment against Defendants as follows:

A.     Awarding liquidated or actual monetary damages, whichever is higher, to Plaintiff and the Class for each violation of the Biometric Information Privacy Act as provided by 740 ILCS 14/20(1)-(2);

B.     Enjoining Defendants from committing further violations of the Biometric Information Privacy Act as authorized by 740 ILCS 14/20(4);

C.     Awarding Plaintiff's reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by 740 ILCS 14/20(3); and

D.     Such other and further relief as this Court deems appropriate and just as provided by 740 ILCS 14/20(4).


Dated:  October 23, 2019                    Respectfully submitted,

                                            /s/ Douglas M. Werman
                                            One of Plaintiff's Attorneys

Douglas M. Werman- **Illinois Bar No.- 6204740**
dwerman@flsalaw.com
Maureen A. Salas- **Illinois Bar No.- 6289000**
msalas@flsalaw.com
Zachary C. Flowerree- **Illinois Bar No.- 6305935**
zflowerree@flsalaw.com
Sarah J. Arendt- **Illinois Bar No.- 6308501**
sarendt@flsalaw.com
Jacqueline H. Villanueva- **Illinois Bar No. - 6331551**
jvillanueva@flsalaw.com
**WERMAN SALAS P.C.**
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

*Attorneys for Plaintiff*